-1-

| | |
|---|---|
| Your Name: | Jay Brodsky |
| Address: | 240 East Shore Road, Great Neck NY 11023 |
| Phone Number: | 973-568-1666 |
| Fax Number: | |
| E-mail Address: | demcointerexport@yahoo.com |

Pro Se Plaintiff

FILED
AUG 13 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 18 4930

| | |
|---|---|
| Jay Brodsky | Case Number   [leave blank] |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Apple Inc. et al | DEMAND FOR JURY TRIAL |
| John and Jane Doe et al | Yes ✔   No ☐ |
| Defendant. | |

**PARTIES**

1. Plaintiff. [*Write your name, address, and phone number. Add a page for additional plaintiffs.*]

| | |
|---|---|
| Name: | Jay Brodksy |
| Address: | 240 East Shore Road, Apt 444, Great Neck NY 11023 |
| Telephone: | 973-568-1666 |

COMPLAINT
PAGE ___ OF ___  *[JDC TEMPLATE – Rev. 05/2017]*

Case 5:18-cv-04930-NC   Document 1   Filed 08/14/18   Page 2 of 17

-2-

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:
Name: Apple Inc. et al
Address: 1 Apple Park Way, Cupertino, California, U.S.
Telephone:

Defendant 2:
Name: John and Jane Doe et al
Address: Yet known to the Plaintiff
Telephone:

Defendant 3:
Name:
Address:
Telephone:

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

[✔] under <u>federal question jurisdiction</u> because it is involves a federal law or right. [*Which federal law or right is involved?*] 15 U.S.C. § 2301 et seq., Magnuson-Moss act _____.

[✔] under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT
PAGE ___ OF ___   *[JDC TEMPLATE – Rev. 05/2017]*

## VENUE

*[The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.]*

4. Venue is appropriate in this Court because:

☐ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☑ at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5. Because this lawsuit arose in Santa Clara County, it should be assigned to the Northern District of California Division of this Court.

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

See Attached Addendum

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – Rev. 05/2017]*

# CLAIMS

## First Claim

(*Name the law or right violated:* _____)

(*Name the defendants who violated it:* Apple Inc. et al _____)

[*Explain briefly here <u>what</u> the law is, <u>what each</u> defendant did to violate it, and <u>how</u> you were harmed. You do not need to make legal arguments. You can refer back to your statement of facts.*]

___. See attached Addendum _____

___. _____

___. _____

___. _____

//

COMPLAINT

PAGE ___ OF ___   *[JDC TEMPLATE – 05/17]*

$75,000 _____ **Claim**

(*Name the law or right violated*: 15 U.S.C. § 2301 et seq., Maguson-Moss act )

(*Name the defendants who violated it*: Apple Inc. et al )

___._____

___._____

___._____

___._____

___._____

COMPLAINT

PAGE ___ OF ___   *[JDC TEMPLATE – 05/17]*

- 7 -

# DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

See Attached Addendum

# DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

[✓] Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: August 9, 2018     Sign Name: *(signed)*

Print Name: Jay Brodsky

COMPLAINT

PAGE ___ OF ___   *[JDC TEMPLATE – 05/17]*

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

..........................................................................................

THE MATTER OF:

| | |
|---|---|
| JAY BRODSKY-*Plaintiff* | **Violation of:** |
| | 15 U.S.C. § 2301 et seq., Magnuson-Moss act |
| | NY UCC § 2-314 |
| | NY UCC § 2-318 |
| -*against*- | NY GEN BUS § 349 |
| | 15 USCA § 1125 |
| | NY UCC § 2-316 |
| | NY § 349 |
| | NY CPLR § 3004 |
| APPLE INC.-*Defendant* | |
| JOHN AND JANE DOE et al | |

..........................................................................................

# COMPLAINT ADDENDUM

..........................................................................................

## AFFIRMATION

On this 10th day of August, 2018, Jay Brodsky aka, "Brodsky" resides at 240 East Shore Road, Apartment 444, Great Neck, New York 11023 and duly depose that the facts as stated herein are true to the best of his knowledge.

## VENUE AND JURISTICTION:

(a.) Under the Federal Rules of Civil Procedure Rule 8 (Fed. R. Civ. P. 80), the venue is appropriate under 28 U.S.C.A. § 1332 because, among other things: the plaintiffs Jay Brodsky, is a resident and citizen of New York State, County of Nassau; Apple Inc. et al conducts business and directs their activities to residents of New York State, County of Nassau.

(b.) The United States District Court for the Northern District of California has jurisdiction over the parties because the Apple Inc. et al conducts a major part of their national operations and conducts business activities from their headquarters in Cupertino, California, with an advertising budget not exceeded in other jurisdictions throughout the United States.

(c.) The court also has jurisdiction under 28 U.S.C.A. § 1331 as Apple Inc. et al violated 15 U.S.C. § 2301 et seq., Magnuson-Moss act. Enacted in 1975, the federal statute governs warranties on consumer products. The law does not require any product to have a warranty (it may be sold "as is"), but if it does have a warranty, the warranty must comply with this law.

## THE PARTIES

Under the Federal Rules of Civil Procedure Rule 7a, the Plaintiff in this matter is as follows: Jay Brodsky, 240 East Shore Road, Apt. 444, Great Neck, NY 11023.

a. Under the Federal Rules of Civil Procedure Rule 7a, the Defendants in this matter are as follows: Apple Inc. *et al*, 1 Apple Park Way, Cupertino, California.

b. John and Jane Doe *et al*, are yet known to the Plaintiff. As information becomes available disclosing the nature of their participation in these aforementioned acts, they will be affirmed as codefendants in their own right.

## ALLEGATIONS OF SUBSTANCE:

1. Strict Products Liability; Auto. Ins. Co. of Hartford Connecticut v. Murray, Inc., 571 F. Supp. 2d 408 (W.D.N.Y. 2008)

2. Negligence Products Liability; <u>Voss v. Black & Decker Mfg. Co.</u>, 59 N.Y.2d 102, 450 N.E.2d 204 (1983)

3. Violation of Consumer Legal Remedies Act; <u>Scotts EZ Seed Litig.</u>, 304 F.R.D. 397 (S.D.N.Y. 2015)

4. Unfair Competition; Metro. Opera Ass'n v. Wagner-Nichols Recorder Corp., 199 Misc. 786, 101 N.Y.S.2d 483 (Sup. Ct. 1950), aff'd, 279 A.D. 632, 107 N.Y.S.2d 795 (App. Div. 1951)

5. Breach of Written Warranty Pursuant to the Magnuson-Moss Warranty Act; 6. Breach of Express Warranty; <u>Beyer v. DaimlerChrysler Corp.</u>, 293 A.D.2d 432, 741 N.Y.S.2d 248 (2002)

7. Breach of Implied Warranty of Merchantability; <u>Malul v. Capital Cabinets, Inc.</u>, 191 Misc. 2d 399, 740 N.Y.S.2d 828 (Civ. Ct. 2002)

8. Breach of the Implied Warranty of Fitness For a Particular Purpose;

9. Violation of New York State § 349. Deceptive acts and practices unlawful <u>Weisblum v. Prophase Labs, Inc.</u>, 88 F. Supp. 3d 283 (S.D.N.Y. 2015)

10. Fraud; <u>Chevron Corp. v. Donziger</u>, No. 11 CIV. 0691 LAK JCF, 2013 WL 3805140 (S.D.N.Y. July 19, 2013)

11. Unjust Enrichment; Ultramar Energy Ltd. v. Chase Manhattan Bank, N.A., 179 A.D.2d 592, 579 N.Y.S.2d 353 (1992)

12. That Apple Inc. et al limited the speed and performance of iPhone 6, iPhone 6s and iPhone SE thereby causing significant slow performance, dropped calls, and excessive battery drain (the "Defect"). But Apple's action was never disclosed to its consumers.

## GENERAL ALLEGATIONS:

13. Apple Inc. *et al*, designed, manufactured, distributed, and sold the iPhones at issue. On information and belief, Apple Inc. *et al*, has sold directly or indirectly through other retailers, millions of iPhones in New York, the United States and throughout the world.

14. The iPhones the Plaintiff purchased are defective, including but not limited to a defect in design and manufacture of the device that causes them to shut down without notice.

15. Apple Inc. et al, however responded with an officially released statement as follows:

    a. "Our goal is to deliver the best experience or customers which includes performance and prolonging the life of their devices. Lithium-ion batteries which become less capable of supply in i4 peak in cold conditions, and have a low battery charge as they age over time, which can result in my device unexpectedly shutting down to protect its electronic components."

    b. "Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down & Ting these conditions."

    c. "We've now extended that feature to iPhone 7 with iOS TI and plan to add support for other products in the future."

16. The Plaintiff has owned iPhones continuously since January, 2008.

17. Apple Inc. *et al* alleges that its battery may retain up to 80 percent of its original capacity for 500 complete charge cycles.

18. Apple Inc. *et al*, alleges that they slow down their iPhone processors when the battery is wearing out.

19. Apple Inc. *et al*, never asked the Plaintiff for his consent to slow down his iPhones.

20. The Plaintiff was never given the option to bargain or choose whether he preferred to have iPhones that are slower than normal.

21. Apple Inc. *et al*, interfered with the Plaintiffs iPhones by inducing intentional slowdowns.

22. Apple Inc. *et al* wrongfully acted directly and proximately therefore causing the interference and loss of value to the Plaintiffs iPhones causing him to suffer, and continue to suffer, economic damages and other harm for which he is entitled to compensation, including:

a. Replacement of his iPhone 6 and iPhone 6s;

b. Compensation for loss of use;

c. Compensation for loss of value;

d. New batteries for Plaintiffs iPhone 6 and iPhone 6s;

e. Compensation for deprivation of the value of his iPhone 6 and iPhone 6s;

f. Compensation for the Plaintiffs overpayments of his iPhone 6 and iPhone 6s in that a portion of the price paid for Plaintiffs iPhone 6 and iPhone 6s in which Apple Inc. *et al*, purposefully interfered with their use and slowed down his iPhone performance purposely and without compensation for his iPhones having diminished capacities.

## PRODUCTS LIABILITY AS OUR FIRST CAUSE OF ACTION:

22. The Plaintiff in this action incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

23. At all times mentioned herein, Apple Inc. *et al* designed, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied, and sold to distributors and retailers for sale, smartphones known as "iPhones" and/or their component parts.

24. Apple Inc. *et al*, manufactured, designed, promoted and/or sold their covered iPhones and their component parts to the public, knowing that the Covered iPhones would be purchased or used without inspection for defects by the general public, including the Plaintiff, Jay Brodsky.

25. The Covered iPhones were defective and did not function according to its intended use by reason of defects in its manufacture, design, testing, components and constituents, so that it would not properly serve its purpose, but would instead slow down significantly, drop calls, and cause excessive battery drain because of the failure of Apple Inc. *et al*, to properly design and manufacture the Covered iPhones.

26. Apple Inc. *et al*, designed and manufactured the Covered iPhones defectively, therefore causing them to fail and perform as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

27. Apple Inc. *et al*, knew or should have known of the defects that would arise in the reasonably foreseeable use of the covered iPhones, whose defective design, manufacturing, and lack of sufficient warnings caused them to have an unreasonable propensity to suffer from component failure, thereby causing significantly slow performance, dropped calls, and excessive battery drain.

28. Apple Inc. *et al*, failed to adequately warn the public about the defects known or knowable at the time which is attributed to the defective covered iPhones design, manufacture, and distribution.

29. Apple Inc. *et al,* failed to provide adequate warnings, instructions, guidelines or admonitions to the consuming public, including the Plaintiff, about the design and manufacturing defects, which Apple Inc. *et al*, knew, or in the exercise of

reasonable care should have known, to have existed in the covered iPhones, and their component parts.

30. The Plaintiff was not aware of the aforementioned defects at any time regarding the covered iPhones.

31. As a direct and proximate result of the aforementioned defects in the Covered iPhones, the Plaintiff sustained injury and damages in an amount according to proof at trial.

32. Apple Inc. *et al*, owed the Plaintiff a duty to exercise reasonable care in the design, testing, manufacture, assembly, sale, distribution and servicing of the covered iPhones, including assuring the Plaintiff that the Covered iPhones were free of defects and/or to repair any defects that are discovered.

## NEGLIGENT PRODUCT LIABILITY IS OUR SECOND CAUSE OF ACTION

33. Apple Inc. *et al* manufactured, designed, promoted and/or sold the covered iPhones and designed and manufactured and had concrete knowledge that the aforementioned iPhones that they were selling had problems under normal operating conditions,

34. Apple Inc. *et al*, knew or should have known that the iPhones they were selling were defective, potentially causing consumers to spend additional money for repairs and ultimately causing the replacement of their devices.

35. Apple Inc. *et al*, failed to exercise ordinary care and breached their duty by, among other things, servicing the aforementioned iPhones and their component parts in order to avoid potential risks to individuals;

36. Apple Inc. *et al*, failed to use due care in the manufacture, distribution, design, sale and testing of the iPhones they were selling.

37. Apple Inc. *et al*, failed to provide adequate warning of component failure, thereby causing significantly slow performance, dropped calls, and excessive battery drain;

38. Apple Inc. *et al* failed to incorporate within the iPhones they designed, reasonable safeguards and protections against component failure, which ultimately caused significant slow performance, dropped calls, and excessive battery drain;

39. Apple Inc. *et al*, failed to make timely corrections to the iPhones they were selling in order to correct component failure, thereby causing them to significantly slowdown.

40. The Plaintiff upon ascertaining reliable information believes and alleges that Apple Inc. *et al* acted willfully, maliciously, oppressively and despicably, and had full knowledge of the adverse effects of their actions on the Plaintiff, and with willful and deliberate disregard of the consequences to the Plaintiff. By reason thereof, the Plaintiff is entitled to recover punitive and exemplary damages from Apple Inc. et al in an amount according to proof at trial.

41. Under these circumstances it is unjust and inequitable because Apple Inc. *et al* misrepresented to the Plaintiff that the iPhones he purchased were of a quality fit for the purpose for which they were intended. These misrepresentations caused injuries to Plaintiff because he would not have purchased the aforesaid iPhones if the true facts had been disclosed.

42. Because Apple Inc. *et al*, retained the benefits that were conferred on him by the Plaintiff, Apple Inc. *et al* must pay restitution to the Plaintiff for their unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

43. WHEREFORE, the Plaintiff, Jay Brodsky, respectfully requests that the Court enter judgment in his favor and against Apple Inc. *et al*, as follows:

44. For equitable relief enjoining Apple Inc. *et al*, from engaging in the wrongful conduct complained of here pertaining to the misuse of the Plaintiffs personal property;

45. For equitable relief compelling Apple Inc. *et al*, to utilize appropriate methods and policies with respect to older iPhone models in respect to their batteries;

46. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Apple Inc. *et al,* wrongful conduct;

47. For an award of actual damages and compensatory damages, in an amount to be determined;

48. Compensation to the Plaintiff for the time and costs for him to file and pursue this suit at the discretion of the court.

49. Such other and further punitive relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

50. Based on the foregoing, the Plaintiff, on behalf of himself Pro Se, hereby demands a jury trial for all claims so triable.

Dated this 10th day of August, 2018

Respectfully Submitted,

*[signature]*

Jay Brodsky
Plaintiffs, Pro Se